# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CANDELARIO VILLATORO-ESCOBAR,<br><br>              Petitioner,<br><br>      v.<br><br>MICHAEL BENOV,<br><br>              Respondent. | Case No.: 1:13-cv-00510-SAB (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(ECF No. 1) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States magistrate judge. Local Rule 305(b).

Petitioner filed the instant petition for writ of habeas corpus on April 8, 2013. Petitioner contends the sentencing court improperly calculated his sentence based on his criminal history.

## I.

## DISCUSSION

The rules governing section 2254 cases in the United States District Courts are appropriately applied to proceedings filed pursuant to 28 U.S.C. § 2241. Rule 1 of the Rules Governing 2254 cases. Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing

1

2254 cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4.

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3d 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2d Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In this case, Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241. In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 if he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Id.; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-1163 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition

inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

The Court takes judicial notice of Petitioner's underlying criminal case, United States of America v. Jose Villatoro-Escobar, case number H-08-060, in the United States District Court for the Southern District of Texas, Houston Division.[1] Petitioner has previously filed a motion for retroactive application of the Sentencing Guidelines based on the same argument presented here, which was denied in a reasoned decision on July 11, 2012. (Ex. B, to Petition.) In addition, Petitioner filed a second motion to recalculate his sentence on September 21, 2012. (Criminal No. H:08-060, ECF No. 71.) The sentencing court denied the motion on January 29, 2013, stating:

> The defendant, Jose Candelario Villatoro-Escobar, was sentenced on February 23, 2009 to a 77-month prison term followed by a three-year term of supervised release. He moved to modify his sentence on June 25, 2012. The motion was denied on July 11, 2012. He has now filed a motion to recalculate his sentence, arguing that the criminal history was not correctly calculated. The argument is that "the PSR's assessment of the points attributed to the parole violations based upon [the] prior convictions and [] imprisonment were improper." The basis for the argument is that the relevant conduct date for the instant offense showed February 13, 2008 but the probation office used the date of encounter by ICE-April 9, 2007-the date stated in the indictment. Using the later date, the prior sentence does not exceed thirteen months, and therefore is not to be calculated to "determine Criminal history."
>
> The argument is unpersuasive. The defendant refers to cases that address criminal history category scores and are not on point. There is no basis to change the date of the instant offense. Pursuant to U.S.S.G. § 4A1.1, three points are added for each prior sentence of imprisonment exceeding one year and one month; two points are added for each prior sentence of imprisonment of at least 60 days not counted in (a); and one point is added for each prior sentence not counted in (a) and (b). With respect to revocations of probation and parole, pursuant to U.S.S.G. § 4A1.2, in the case of a prior revocation of probation, parole, supervised release, special parole, or mandatory release, the original team of imprisonment is added to any term of imprisonment imposed upon revocation. The resulting total is used to compute the criminal history points.

///

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case. See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 741, 744 n.1 (9th Cir. 1984) (citing examples of judicially noticed public records).

1    No change is appropriate.  The motion to recalculate . . . is denied.

2  (Id. at ECF No. 74.)  The fact that Petitioner's prior 2255 motion was denied does not render such

3  avenue of relief inadequate or ineffective.  Aronson v. May, 85 S.Ct. at 5.

4    In addition, under the AEDPA, a prisoner may not bring a second or successive section 2255

5  motion in the district court unless "a panel of the appropriate court of appeals" certifies that the motion

6  contains : (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a

7  whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder

8  would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made

9  retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28

10  U.S.C. § 2255; see Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008).  Petitioner does not meet

11  either of these requirements.  United States v. Chan Lai, 404 Fed. Appx. 181, 182 (9th Cir. 2010).

12    Furthermore, Petitioner makes no showing that § 2255 is inadequate or ineffective.

13  Petitioner's inability to meet the statutory requirements for filing a successive section 2255 motion

14  does not automatically render the remedy under section 2255 inadequate or ineffective.  See Moore v.

15  Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (concluding that a section 2255 movant may not avoid the

16  limitations imposed on successive petitions by styling his petition as one pursuant to section 2241

17  rather than section 2255.)  Therefore, any claim by Petitioner that his only remedy is to pursue relief

18  by way of section 2241 because a panel of the court of appeals would refuse to certify a second or

19  successive motion under section 2255, would fail.

20    Moreover, Petitioner has failed to demonstrate that his claim qualifies under the savings clause

21  of section 2255 because Petitioner is raising a sentencing error.  Petitioner does not assert that he is

22  factually innocent of the crime for which he was convicted.  Rather, he claims that, his sentence was

23  improperly calculated based on his criminal history as reflected in the probation officer's report.  (Pet.

24  at 3.)  Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of

25  the crime for which he has been convicted, not the sentence imposed.  See Ivy v. Pontesso, 328 F.3d

26  1057, 1060 (9th Cir. 2003); Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000) (to establish

27  jurisdiction under section 2241, petitioner must allege that he is '"actually innocent' of the crime of

28

4

conviction."). Accordingly, the Court concludes that Petitioner has not demonstrated that section 2255 constitutes an "inadequate or ineffective" remedy for raising his claim. Accordingly, section 2241 is not the proper avenue to raise his claims, and the petition must be dismissed for lack of jurisdiction.

Rule 11(a) of the Rules Governing Section 2254 cases requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. The requirement that a petitioner seek a certificate of appealability is a gate-keeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues, while at the same time affording petitioners an opportunity to persuade the Court that, through full briefing and argument, the potential merit of claims may appear. Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000). However, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

This Court will issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find it debatable that Petitioner has failed to show an entitlement to federal habeas corpus relief. Accordingly, the Court declines to issue a certificate of appealability.

## II.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DISMISSED;
2. The Clerk of Court is directed to terminate this action; and
3. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **June 17, 2013**

_____
UNITED STATES MAGISTRATE JUDGE